UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------x
HARA SCHWARTZ,

Plaintiff.

-against-

**AMENDED COMPLAINT**
11-CV-8314(LGS)

THE CITY OF NEW YORK and POLICE OFFICER SILVIA SANCHEZ, POLICE OFFICER LISA RODRIGUEZ, POLICE OFFICER LUIS DIAZ, SERGEANT MICHAEL O'NEIL AND POLICE OFFICER JOHN DOE, Individually and in their Official Capacities,

Defendants.
---------------------------------------------------x

SENT TO CHAMBERS
FOR REVIEW
16 2014
CASHIERS

Plaintiff, HARA SCHWARTZ, by and through her attorneys, **Fisher, Byrialsen & Kreizer, PLLC,** complaining of the defendants herein, respectfully shows the Court and alleges:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, for the wrongful acts of Defendants THE CITY OF NEW YORK and POLICE OFFICERS SILVIA SANCHEZ, POLICE OFFICER LISA RODRIGUEZ, POLICE OFFICER LUIS DIAZ, SERGEANT MICHAEL O'NEIL AND POLICE OFFICER JOHN DOE, as Officers of the New York City Police Department, acting under color of state law and pursuant to their authority, in violation of Plaintiff's rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§ 1981, 1983, 1988; by the United States Constitution, including its Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments; and by the laws and Constitution of the State of New York.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, and the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, and the constitutional, statutory, and common laws of the State of New York.

3. Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions and pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

4. Plaintiff further invokes this Court's pendent jurisdiction over any and all state-law claims and causes of action which derive from the same nucleus of operative facts that give rise to the federally based claims and causes of action pursuant to 28 U.S.C. § 1367.

## VENUE

5. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

6. Plaintiff demands a trial by jury on each and every one of her claims as pled herein pursuant to Fed. R. Civ. P.38(b).

## PARTIES

7. At all times relevant hereto Plaintiff was and is a resident of Rockland County, New York.

8. At all times relevant hereto defendant THE CITY OF NEW YORK (hereinafter, "NYC") was and is a municipality of the State of New York and owns, operates, manages, directs, and controls the New York City Police Department, which employs the other named Defendants.

9. At all times relevant to this action, Defendants POLICE OFFICERS SILVIA SANCHEZ, POLICE OFFICER LISA RODRIGUEZ, POLICE OFFICER LUIS DIAZ, SERGEANT MICHAEL O'NEIL AND POLICE OFFICER JOHN DOE are and were police officers employed by the New York City Police Department (hereinafter, "NYPD"), and acting under color of state law. They are being sued in both their individual and official capacities.

10. At all times relevant hereto and in all their actions described herein, the Defendants POLICE OFFICERS SILVIA SANCHEZ, POLICE OFFICER LISA RODRIGUEZ, POLICE OFFICER LUIS DIAZ, SERGEANT MICHAEL O'NEIL AND POLICE OFFICER JOHN DOE were acting under color of statutes, ordinances, regulations, policies, customs, and usages of the NYPD and NYC, pursuant to their authority as employees, servants, and agents of the NYPD within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents, and police officers.

11. NYC was responsible for the hiring, training, supervision, discipline, retention, and promotion of the police officers, sergeants, and/or employees of the NYPD. They are being sued both in their individual and official capacity.

## FACTS

12. Dr. Schwartz is a resident of Putnum County.

13. On February 19, 2011, Doctor Hara Schwartz was in Manhattan having dinner with a friend.

14. On February 19, 2011, Dr. Schwartz drove her 2009 Subaru from Duchess County where she works to New York City.

15. She picked up her friend on the upper West Side at 7:30 pm they drove together downtown where they parked the car on the street.

16. During the dinner Ms. Schwartz consumed one and a quarter glass of wine.

17. Ms. Schwartz had consumed no alcohol earlier in the day prior to arriving at the restaurant.

18. The dinner lasted until approximately 10:30 p.m. at which time Ms. Schwartz and her friend walked to a dessert restaurant where they had dessert and coffee. They left the dessert restaurant at around 11:15 pm and walked back to the car.

19. Ms. Schwartz got in her car and started her drive home at approximately 11:35 p.m.

20. At approximately 11:40 p.m. Ms. Schwartz was pulled over by Defendant Police Officers.

21. Ms. Schwartz had not committed any traffic infractions, she was not driving in an erratic or suspicious manner, nor was there anything illegal or suspicious about her vehicle.

22. Ms. Schwartz was not intoxicated when she was pulled over, nor was her ability to operate a motor vehicle impaired in any way.

23. At or around midnight, Ms. Schwartz was arrested by the Defendants and charged with Operating a Motor Vehicle While Intoxicated, in violation of Vehicle and Traffic Law Section 1193.3, and Operating a Motor Vehicle While Impaired, in violation of Vehicle and Traffic Law Section 1192.1.

24. While Ms. Schwartz was in custody at the scene of the arrest, Karen Parker, Esq., an attorney licensed in New York State, arrived at the scene.

25. Ms. Parker identified herself to the defendant Officers, including Police Officer Sanchez, as Hara Schwartz' attorney and requested that officer Sanchez permit her to speak with Ms. Schwartz.

26. In violation of Ms. Schwartz' right to counsel, Officer Sanchez refused to permit Ms. Karen Parker to speak with Ms. Schwartz at the scene of the arrest.

27. Ms. Schwartz was handcuffed and taken to the police precinct in a marked police van.

28. Ms. Parker also appeared at the police precinct to speak with Ms. Schwartz, as her legal counsel, and advised the defendant officers, including Officer Sanchez, that she was an attorney licensed in New York State and that her attorney registration could be verified on the Unified Court System website.

29. In violation of Ms. Schwartz' right to counsel, the defendant officers advised Ms. Parker that they would not permit her to speak with Ms. Schwartz at the precinct.

30. At the police precinct Ms. Schwartz was asked to take a breathalyzer test.

31. Ms. Schwartz consented and took the breathalyzer test.

32. The reading of Ms. Schwartz's rest was 0.000, however, the machine also gave an insufficient sample reading.

33. Ms. Schwartz was not read the statutory refusal warnings as required by Vehicle and Traffic Law 1194.

34. Despite the 0.000 reading on the breath test and the fact that Ms. Schwartz did not refuse to take the breath test, the complaint sworn to by Defendant Sanchez alleges that Ms. Schwartz was both intoxicated and refused to take the breath test.

35. Ms. Schwartz was also interrogated by the defendant officers while she was detained in the absence of counsel.

36. Ms. Schwartz was taken to Central Booking and held for 16 hours before being arraigned in Manhattan Criminal Court.

37. Ms. Schwartz's vehicle was seized by the New York Police Department's Vehicle Seizure Unit and not returned for over a month.

38. Ms. Schwartz retained the services of Peter Gerstenzang, Esq. to defend against the charges.

39. Ms. Schwartz appeared in court 4 times.

40. Ms. Schwartz's case was dismissed on motion by the Manhattan District Attorney's Office on September 20, 2011.

41. On or about April 12, 2011 and within ninety (90) days of the incident, a Notice of Claim on behalf of Plaintiff was served upon NYC.

42. At least thirty (30) days have elapsed since said demand and/or claim upon which this action is in part predicated was presented to NYC for adjustment and NYC has neglected and/or refused to adjust and/or make payment.

43. This action is commenced within one (1) year and ninety (90) days of the occurrence herein.

**FIRST CLAIM FOR RELIEF:**
**DEPRIVATION OF FEDERAL CIVIL RIGHTS**

44. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if fully set forth herein.

45. All of the aforementioned acts of Defendants, their agents, servants, and employees were carried out under color of state law.

46. All of the aforementioned acts deprived PLAINTIFF SCHWARTZ of the rights, privileges, and immunities guaranteed citizens of the United States by the Fourth, Fifth, Sixth,

Eighth, and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

47. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

48. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

49. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure, or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

50. By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually and jointly liable.

**SECOND CLAIM FOR RELIEF:**
**FALSE ARREST**

51. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if fully set forth herein.

52. As a result of Defendants' aforementioned conduct, Plaintiff was subject to an illegal, improper, and false seizure and arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated, and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege, or consent.

53. As a result of her false arrest, Plaintiff was subjected to severe emotional distress, humiliation, disgrace, and disgrace, was deprived of her liberty and was deprived of her possessory right to her vehicle.

54. All of the aforementioned acts of the Defendants constituted false arrest under the laws of the State of New York and the Defendants are liable for said damage. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

**THIRD CLAIM FOR RELIEF:**
**FALSE IMPRISONMENT**

55. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if fully set forth herein.

56. As a result of her false imprisonment, Plaintiff was subjected to severe emotional distress, humiliation, ridicule, mental anguish and disgrace, was deprived of her liberty and was deprived of her possessory right to her vehicle.

57. All of the aforementioned acts of the Defendants constituted false imprisonment under the law of the State of New York and the Defendants are liable said damage. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

**FOURTH CLAIM FOR RELIEF:**
**MUNICIPAL LIABILITY**

58. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

59. The acts complained of herein were carried out by the Defendants POLICE OFFICER SILVIA SANCHEZ, POLICE OFFICER LISA RODRIGUEZ, POLICE OFFICER LUIS DIAZ, SERGEANT MICHAEL O'NEIL AND POLICE OFFICER JOHN DOE in their capacities as

police officers, employees and officials pursuant to the customs, policies, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said departments.

60. Prior to February 19, 2011, NYC and NYPD developed and maintained policies or customs exhibiting deliberate indifference to the Constitutional rights of persons in NYC, which caused the violation of Plaintiff rights.

61. It was the policy and/or custom of NYC and NYPD to inadequately and improperly train and supervise its police officers, including the defendant officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers.

62. It was the policy and/or custom of NYC and NYPD to inadequately and improperly investigate complaints of misconduct against police officers filed by people in police custody, and acts of misconduct were instead tolerated by NYC, including, but not limited to the following incidents: false arrest, harassment, negligence, and intentional infliction of emotional distress.

63. The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYPD constituted deliberate indifference to the safety, well-being, and constitutional rights of Plaintiff.

64. The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYPD were the proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

65. The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYPD were the moving force behind the constitutional violations suffered by Plaintiff as alleged herein.

66. As a result of the above described policies and customs, police officers of NYPD, including the defendant officers, believed that their actions would not be monitored by supervisory officers and that their own misconduct would not be investigated or sanctioned, but instead would be tolerated.

67. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

68. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate officers and were directly responsible for the violation of Plaintiff's constitutional rights.

69. Defendants NYC, as municipal policymakers in the training and supervision of Defendant police officers/employees, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violations of their freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and the Constitution and laws of the State of New York.

70. All of the foregoing acts by Defendants deprived Plaintiff of federally protected rights, including, but not limited to, the right:

        a.     Not to be deprived of liberty without due process of law;

        b.     To be free from unreasonable search and seizure under the Fourth and Fourteenth Amendments to the United States Constitution;

        c.     To be protected against violations of her civil and constitutional rights;

        d.     Not to have cruel and unusual punishment imposed upon her

        e.     Her right to counsel; and

  f. To receive equal protection under the law.

**FIFTH CLAIM FOR RELIEF:**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

71. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

72. Defendants POLICE OFFICERS SILVIA SANCHEZ, POLICE OFFICER LISA RODRIGUEZ, POLICE OFFICER LUIS DIAZ, SERGEANT MICHAEL O'NEIL AND POLICE OFFICER JOHN DOE engaged in extreme and outrageous conduct beyond all possible bounds of decency when they harassed and falsely arrested Plaintiff.

73. Defendants' extreme and outrageous conduct was intended to inflict severe distress upon Plaintiff.

74. Defendants POLICE OFFICER SILVIA SANCHEZ'S, POLICE OFFICER LISA RODRIGUEZ'S, POLICE OFFICER LUIS DIAZ'S, SERGEANT MICHAEL O'NEIL"S AND POLICE OFFICER JOHN DOE'S outrageous conduct did inflict severe distress upon Plaintiff, which caused Plaintiff to suffer anxiety and mental anguish.

75. All of the aforementioned acts of the Defendants constituted intentional infliction of emotional distress under the law of the State of New York and the Defendants are liable for said damage. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

**SIXTH CLAIM FOR RELIEF:**
**MALICIOUS PROSECUTION**

76. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

77. By the actions described above the defendants maliciously and without probable cause, prosecuted the Plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

78. As a result of the foregoing, Plaintiff was deprived of her liberty, suffered loss of substantial wages, great humiliation, costs and expenses, and was otherwise damaged and injured.

**SEVENTH CLAIM FOR RELIEF:**
**RIGHT TO COUNSEL**

79. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

80. Plaintiff's attorney appeared on this matter, in person, at the scene of the arrest while plaintiff was detained at that location.

81. Plaintiff's attorney also appeared on this matter, in person, at the police precinct where plaintiff was in custody while plaintiff was detained at that location.

82. Plaintiff's attorney notified the proper investigating authorities, including the defendant officers, of her appearance on this matter at the scene of the arrest and at the precinct where plaintiff was detained.

83. Despite the defendant officers' knowledge that plaintiff had counsel on the matter for which she was being held in custody, the defendant officers interrogated plaintiff in the absence of counsel.

84. Defendants failed to establish and maintain procedures to ensure that plaintiff's attorney, who represented plaintiff while she was in custody, could communicate with her and with the officials responsible for the investigation, without unreasonable delay.

85. As a result of defendants' conduct, plaintiff was deprivation of liberty without due process of law in violation of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and the Constitution and laws of the State of New York, including her indelible right to counsel.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) DOLLARS; and

2. Punitive damages in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) DOLLARS; and

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court deems just and proper.

DATED: New York, New York
January 16, 2014

Respectfully submitted,

Alissa Boshnack, Esq.
FISHER, BYRIALSEN& KREIZER, PLLC
*Attorney for Plaintiff*
291 Broadway, Suite 709
New York, New York 10007
(212) 962-0848